UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NASSER ALJALHAM,

    Plaintiff,

v.

                                              Case No.: 08-14043
                                              Hon. Gerald E. Rosen

AMERICAN STEAMSHIP COMPANY,

    Defendant/Third Party Plaintiff,

v.

ALLOUEZ MARINE SUPPLY,

    Third Party Defendant.
_____/

**ORDER GRANTING IN PART
DEFENDANT ALLOUEZ MARINE SUPPLY'S
MOTION TO ADJOURN SCHEDULING ORDER DATES**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     November 17, 2009

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

By motion filed on November 4, 2009, Third Party Defendant Allouez Marine Supply ("Allouez") seeks a 60-day extension of various dates and deadlines set forth in the July 30, 2009 Amended Scheduling Order that governs this action. On November 5, 2009, Third Party Plaintiff American Steamship Company filed a concurrence to the

motion to extend deadlines.  Plaintiff has since notified the Court that it will not oppose the motion.  Having reviewed the motion and the record as a whole, the Court has determined that oral argument is not necessary.  Therefore, pursuant to Eastern District Local Rule 7.1(e)(2), this matter will be decided on the briefs.  This Memorandum Opinion and Order sets forth the Court's ruling.

## DISCUSSION

Plaintiff Nasser Aljalham filed this Jones Act case over a year ago on September 19, 2008, against his former employer, Defendant American Steamship Company ("ASC").  ASC employed Plaintiff as a cook on a steamship.  This action stems from an alleged back injury Plaintiff suffered while loading groceries onto the vessel.  Plaintiff claims that ASC failed to make and keep the vessel safe for those working on it.

In a Scheduling Order issued on November 3, 2008, the Court set a discovery cut-off date of March 31, 2009.  On May 4, 2009, well after the close of discovery, ASC moved for leave to file a third party complaint through which it would seek indemnification, contribution, and other relief from Allouez Marine Supply.  Specifically, ASC argued that the injuries allegedly suffered by Plaintiff while lifting a heavy box of groceries were due, in whole or in part, to the purported failure of third party Allouez to mark the box in accordance with ASC's policies.  The Court denied ASC's motion on May 27, 2009 as untimely filed.  On June 12, 2009, the Court denied ASC's subsequent Motion for Reconsideration, because ASC had merely presented the same issues ruled upon by the court in its May 27, 2009 decision.

On July 30, 2009, Plaintiff and ASC appeared before this Court for a final pre-trial conference.  It was immediately apparent to the Court that the parties were unprepared to move forward to trial, and that they needed additional limited discovery with respect to Plaintiff's medical condition.  The Court accordingly agreed to re-open discovery and issued an Amended Scheduling Order affording 90 more days of discovery.  The Court further urged Plaintiff and ASC to agree on a medical examiner, and set a new discovery cut-off of October 31, 2009.  At the conference, ASC renewed its request to file a third party complaint against Allouez.  The Court granted this request in light of the re-opened discovery period.  ASC subsequently filed a third party complaint on August 18, 2009, and Allouez filed an answer on September 9, 2009.  Through the present motion and concurrence, Defendants now seek a 60-day extension of the deadlines set in the Amended Scheduling Order.

The present motion is flawed in a number of respects.  First, it is untimely filed.  The original Scheduling Order indicated that, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, requests for modifications of dates set by the Scheduling Order should be submitted by written motion to the Court at least 21 days prior to the date for which modification is sought.  This rule is equally applicable to the Amended Scheduling Order.  Despite this clear language, the present motion seeking extension of deadlines was filed several days *after* the discovery cut-off.  Next, Allouez appears to confuse dates and chronology of the case—for example, it makes repeated reference to a "settlement conference" held before this Court in August 2009, though no such conference, beyond

3

the July 30, 2009 final pre-trial/status conference, was ever held. Allouez further suggests that the Court intended to create a different discovery time-line for Allouez as a third party defendant. Allouez claims that at the final pre-trial conference/status conference in July 2009, "the Court indicated that it would allow Defendant Allouez 90 days in order to conduct discovery." (Br. in Support of Mot. to Adjourn Scheduling Order Dates 3). While it is true that the Court intended to provide a re-opened period of discovery, nothing in the Court's order indicates an intent to re-open discovery for 90 days *from the time that Allouez was joined in the case*. The Court only re-opened discovery for 90 days from the time of the final pre-trial conference. The Court infers that Allouez was aware of the July 30, 2009 Amended Scheduling Order as of September 1, 2009 at the latest, when counsel for Allouez filed a notice of appearance in this case. If Allouez needed a separate discovery track or longer time to conduct depositions, it should have filed a motion so requesting before the discovery cut-off already set in this case had passed.

In spite of the foregoing defects, the Court has reviewed and considered Allouez's November 4, 2009 Motion to Adjourn Scheduling Order Dates on the merits. Allouez argues that it needs more time to conduct discovery because it twice noticed the deposition of Plaintiff, but Plaintiff failed to appear both times. Allouez ultimately was able to depose Plaintiff on October 29, 2009, only two days before the discovery cut-off. Both Allouez and ASC now argue that they need additional time to follow up on items referenced in Plaintiff's deposition. In addition, because Allouez was not joined until one

month into the re-opened discovery period, it has not been able to initiate discovery with respect to possible indemnification agreements with ASC.  Finally, discovery regarding Plaintiff's medical condition remains incomplete, though the parties appear to have attempted, in good faith to move forward.  Plaintiff has yet to submit to an independent medical examination and Defendants allege that Plaintiff has resisted handing over medical reports from his own doctors.  While the Court notes that a motion to compel discovery would have been the appropriate device through which to address Plaintiff's apparent delinquence while the discovery period was still open, it nevertheless finds good cause for the relief requested, albeit with a more moderate extension.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Allouez Marine Supply's Motion to Adjourn Scheduling Order Dates [Dkt. # 30] is GRANTED IN PART.  Accordingly, the revised schedule is as follows:

> Discovery shall be completed by December 14, 2009.
> Dispositive motions due by January 13, 2009.
> Joint Final Pretrial Order shall be submitted to the Court by April 15, 2010.

    Final Pretrial Conference set April 22, 2010 at 2:30 p.m.
    Trailing Trial docket beginning May 3, 2010.

SO ORDERED.

                                        s/Gerald E. Rosen
                                        Gerald E. Rosen
                                        Chief Judge, United States District Court

Dated: November 17, 2009


I hereby certify that a copy of the foregoing document was served upon counsel of record on November 17, 2009, by electronic and/or ordinary mail.

                s/Ruth A. Brissaud
                Case Manager
                (313) 234-5137