## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NASSER ALJALHAM,

     Plaintiff,

                              No. 08-14043

                              Hon. Gerald E. Rosen

v.                                Mag. Donald A. Scheer

AMERICAN STEAMSHIP COMPANY,

     Defendant and
     Third-Party Plaintiff,

v.

ALLOUEZ MARINE SUPPLY,

     Third-Party Defendant.
_____/

## OPINION AND ORDER DENYING
## THIRD-PARTY DEFENDANT'S MOTION FOR RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on          July 23, 2010

PRESENT:  Honorable Gerald E. Rosen
                  United States District Judge

By opinion and order dated July 12, 2010, this Court granted summary judgment in

Third-Party Defendant Allouez Marine Supply's favor on Defendant/Third-Party Plaintiff

American Steamship Company's claim of *Ryan* indemnity. The Court denied summary

judgment on the remaining third-party claims asserted against Allouez: for negligence and

contribution. (Docket # 70.) Through the present motion, filed on July 22, 2010, Allouez

seeks reconsideration of certain aspects of the Court's ruling pursuant to Fed. R. Civ. P. 59(e).

Fed. R. Civ. P. 59(e) allows parties to move for a court to alter or amend a previously issued judgment. Generally, there are three situations which justify reconsideration under Rule 59(e): (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (*citing Sussman v. Salem, Saxon & Nielsen, P.A* ., 153 F.R.D. 689, 694 (M.D. Fla. 1994), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)).

The requirements for the granting of motions for reconsideration are further set forth in Local Rule 7.1(h) (formerly Rule 7.1(g)), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3), U.S. District Court, Eastern District of Michigan. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." United States v. Lockette, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

Having reviewed and considered Third-Party Defendant Allouez's submissions, the Court finds that it has not shown a palpable defect or that correcting the defect will result in a different disposition of the motion. Allouez argues that the Court incorrectly relied on a Michigan court case—*Clark v. Dalman*, 379 Mich. 251, 150 N.W.2d 755 (1967)—in its analysis of Defendant/Third-Party Plaintiff American Steamship Company's negligence claim against Allouez. Specifically, the Court cited *Clark* before discussing whether Allouez owed Plaintiff and American Steamship Company a duty of care. Allouez argues that *Clark* is no longer good law. However, *Clark*, or more specifically the holding in *Clark* that actionable negligence requires a legal relationship between parties by which the injured party is owed a duty by the other, has not been overturned. Rather, as the Michigan Supreme Court noted in *Fultz v. Union Commerce Assocs.*, 470 Mich. 460, 683 N.W.2d 587 (2004), in a tort action stemming from misfeasance of a contractual obligation (which was at issue in *Clark*), the plaintiff must show the "violation of a legal duty separate and distinct from the contractual obligation."

3

*Id.* at 467. This "separate and distinct duty" may be the general common law duty to act

so as not to unreasonably endanger the well-being of others. In this case, the Court finds

that there is sufficient evidence in the record to give rise to tort duties as distinct from the

contractual duties that Allouez may have owed American Steamship Company. In sum,

Allouez has failed to show a palpable defect or that correcting the defect will result in a

different disposition of the motion. Even if the holding in *Clark* relied upon by the Court

has been limited or impliedly overruled, Allouez further fails to demonstrate that

"manifest injustice" will result in the absence of the granting of the relief requested.

      For all of these reasons,

      IT IS HEREBY ORDERED that Third-Party Defendant Allouez Marine Supply's

Motion for Reconsideration Pursuant to Rule 59(e) (Docket # 73) is DENIED.

                    s/Gerald E. Rosen
                    Chief Judge, United States District Court

Dated: July 23, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 23, 2010, by electronic and/or ordinary mail.

                    s/Ruth A.Gunther
                    Case Manager
                    (313) 234-5137