**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NASSER ALJALHAM,

    Plaintiff,

v.

    Case No.: 08-14043
    Hon. Gerald E. Rosen

AMERICAN STEAMSHIP COMPANY,

    Defendant/Third Party Plaintiff,

v.

ALLOUEZ MARINE SUPPLY,

    Third Party Defendant.
_____/

**OPINION AND ORDER REGARDING**
**AMERICAN STEAMSHIP'S MOTION IN LIMINE**

    At a session of said Court, held in
    the U.S. Courthouse, Detroit, Michigan
    on     August 27, 2010

    PRESENT: Honorable Gerald E. Rosen
                   United States District Judge

Having reviewed and considered Defendant's January 13, 2010 Motion in Limine to Strike the Expert Testimony of Robert O. Andres, Ph.D., the Court finds it proper to exclude the testimony of Dr. Andres.

The district court is charged with screening proffered expert testimony to ensure it is both reliable and relevant in accordance with Federal Rule of Evidence 702. *Jahn v.*

1

*Equine Services, PSC*, 233 F.3d 382, 388 (6th Cir. 2000). Rule 702 states that an expert's testimony must "be based upon sufficient facts or data...and apply the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The latter portion of Rule 702 determines the relevance of the testimony, and this factor has been appropriately described as a question of whether or not the proffered testimony is "fit" for a particular case. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993). Scientific data that is valid or "fit" for one purpose may not be valid for another. *Id*. To be valid for a particular case, there must be a connection between the data being offered and the specific disputed facts of that case. *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) (explaining the *Daubert* opinion that expert testimony must be "fit" in order to be valid and relevant under Rule 702).

Although Dr. Andres may be an expert in the field of ergonomics and his studies may be based on reliable scientific data and methodologies, his testimony fails to be relevant to the particular facts of this case as required under *Jahn* and Rule 702. Dr. Andres did not conduct any specific analysis of the circumstances and environment surrounding Plaintiff's injury. Instead he proffers testimony based generally on an individual lifting a box weighing 92 pounds. He uses formulas designed to assess repetitive lifting risks and admits that the risks may differ in lowering versus lifting a load. Here, Plaintiff's claim arises from an injury he alleges occurred during the lowering of a heavy box.

With no application of the methodology and formulas Dr. Andres used to this

particular Plaintiff lowering a heavy box, there is no connection established between the data being offered and the specific facts of this case as required under *Price*. Therefore, the scientific data fails the *Daubert* determination of being "fit" for this particular case and is insufficient to meet the requirements of Federal Rule of Evidence 702.

Further, the Court finds that expert testimony is unnecessary to state the already known recommended lift maximums of the American Bureau of Shipping and the National Institute of Occupational Safety and Health.

For these reasons,

IT IS HEREBY ORDERED that Defendant's January 13, 2010 Motion in Limine to Strike the Expert Testimony of Robert O. Andres, Ph.D.**[Dkt. # 40]**, is GRANTED.

s/ Gerald E. Rosen
Chief Judge, United States District Court

Dated: August 27, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 27, 2010, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager